IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEITH RUSSELL JUDD,

       Petitioner,

    vs.                        Civil Action 2:10-CV-731
                                 Judge Sargus
                                 Magistrate Judge King

HARLEY G. LAPPIN, *et al.*,

       Respondents.

**OPINION and ORDER**

      Petitioner Keith Russell Judd, a federal prisoner currently incarcerated at the Federal Correctional Institution in Texarkana, Texas, originally filed a habeas corpus action under 28 U.S.C. §2254 in this Court, challenging a judgment of conviction issued by a state court of New Mexico.  The original *Petition* named as respondents the Director of the Federal Bureau of Prisons and the Attorney General of the State of New Mexico. *Petition*, attached to Doc. No. 1. On August 16, 2010, the United States Magistrate Judge granted petitioner's application for leave to proceed *in forma pauperis* but recommended that the petition be dismissed for lack of jurisdiction. *Order and Report and Recommendation*, Doc. No. 2.  This matter is now before the Court on petitioner's objection to that recommendation,  Doc. No. 4, petitioner's motion for an order directing that he be given access to the prison law library, Doc. No. 6, and *Amended Petition*, Doc. No. 6.

      Whereas the original *Petition* sought to challenge petitioner's New Mexico conviction under 28 U.S.C. §2254, the *Amended Petition* invokes

28 U.S.C. §2241 and purports to challenge "any future confinement or prosecution [by the United States] under the Gun Control Act, 18 U.S.C. § 922(g) at the moment of release from prison . . . ." *Amended Petition*, at 1. The *Amended Petition* names as respondents the Attorney General of the United States, the Director of the Federal Bureau of Prisons, the United States Department of Justice and the United States.  Doc. No. 6.

As the Magistrate Judge noted, a challenge under 28 U.S.C. §2255 to a federal conviction must be brought in the district of conviction.  *In re Hanserd*, 123 F.3d 922, 925 n. 2 (6th Cir. 1997). Petitioner has not been convicted in this district; indeed, there is no suggestion that petitioner has any ties whatsoever to this district.

Challenges to state criminal convictions under 28 U.S.C. §2254 may be brought only in a district having territorial jurisdiction over the custodian of the petitioner.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973). The proper custodian, for purposes of a habeas corpus challenge, is "the person" having custody over the petitioner.  28 U.S.C. §2243.  "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004).  Because petitioner's immediate custodian is not present in this district,  this Court therefore lacks jurisdiction to entertain petitioner's challenge to the New Mexico state court conviction.

The *Amended Petition* purports to assert a claim under 28 U.S.C. §2241.  It is true that 28 U.S.C. §2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of

the present status of the case pending against" him. *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). The §2241 petitioner must, however, be "in custody" as to the matter at issue. §2241(c). It does not appear that petitioner is "in custody" as to any future federal prosecution because no charge or detainer has been filed against him in that regard. *See Maleng v. Cook*, 490 U.S. 488, 493 (1989). In any event, relief under §2241 is not ordinarily available where the challenge may be asserted in the actual federal prosecution. *Horning v. Seifert*, 1997 WL 58620 (6th Cir. Feb. 11, 1997), citing *Jones v. Perkins*, 245 U.S. 390 (1918).

Moreover, the doctrine of comity requires that federal courts abstain from considering challenges to future state criminal proceedings, brought pursuant to 28 U.S.C. §2241, unless and until the petitioner has exhausted available state remedies. *Atkins v. People of State of Michigan*, 644 F.2d 543, 545-56 (6th Cir. 1981). Petitioner has presented no evidence that he has exhausted his available state court remedies as to any future prosecution by the State of New Mexico.

For all these reasons, then, the Court agrees with the recommendation of the Magistrate Judge that jurisdiction over the claims asserted, whether in the original *Petition* or the *Amended Petition*, is lacking.

Petitioner asks that the matter be transferred to a forum having jurisdiction over the case. The Magistrate Judge rejected this request:

> . . . [T]ransfer of the action to a different jurisdiction would be improper. Petitioner has been sanctioned for abuse of the judicial process. *Judd v. Fox*, 289 Fed. Appx. 795, **1 (5th Cir. 2008)(". . . Judd has a history of vexatious and

3

> frivolous litigation in [the United States Court of Appeals for the Fifth Circuit] and many other courts"). At least one other court in this circuit has found that petitioner's recent filings reflect an effort on his part to "circumvent the sanctions orders entered against him in the Fifth Circuit . . . ." *United States v. Judd*, 2006 WL 2192863, *2 (W.D. Tenn. Aug. 1, 2006). Transfer of the action to a different district would not serve the interest of justice.

*Order and Report and Recommendation*, at 2. This Court agrees that, under the circumstances presented in this case, transfer of this action is unwarranted. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962).

Petitioner's objections to the *Report and Recommendation*, Doc. No. 4, are **DENIED**. The *Report and Recommendation* is **ADOPTED AND AFFIRMED**. Petitioner's motion for access to a law library, Doc. No. 5, is **DENIED** as moot.

This action is hereby **DISMISSED** for lack of jurisdiction. The Clerk shall enter **FINAL JUDGMENT**.

Moreover, the Court concludes that an appeal from the judgment entered in this case would not be taken in good faith, *see* 28 U.S.C. §1915, and declines to issue a certificate of appealability, 28 U.S.C. §2253(c).

9-7-2010
_____
Date

_____
Edmund A. Sargus, Jr.
United States District Judge

4